FRED MATHIS *v.* COMMONWEALTH.

[Kentucky Law Reporter, Vol. 4—53.]

**Competency of Witness Charged with Being a Co-conspirator.**
> One person indicted, charged with conspiring with another and committing murder, is a competent witness for the other if the indictment is a good indictment for conspiracy.

**Indictment for Conspiracy.**
> An indictment for conspiracy is insufficient when it charges the conspiracy but fails to allege what the object of the conspiracy was.

APPEAL FROM HARDIN CIRCUIT COURT.

June 24, 1882.

OPINION BY JUDGE HINES:

The indictment charges Fred Mathis and Robert Price with the murder of one Murphy, and alleges that they "did conspire together and willfully, unlawfully and feloniously, with malice aforethought, kill and murder Thomas Murphy." To the indictment a demurrer was overruled, and on trial of Mathis he was found guity and sentenced to the penitentiary for twelve years. On the trial, Price was offered as a witness for Mathis, but was rejected by the court apparently upon the ground that he was jointly indicted, and the indicement charged a conspiracy. The Crim. Code (1876), § 234, provides that persons jointly indicted may be competent as witnesses for each other, unless the indictment charge a conspiracy. To exclude the witness thus jointly indicted, the indictment must be a good indictment for conspiracy

at common law, which is clearly not the case here. The charge is of a conspiracy, but what the object of the conspiracy was is not alleged. It is not charged that they conspired to kill Murphy. The conspiracy may have been for any other purpose. The indictment is in this repect defective. The demurrer should have been sustained.

Judgment *reversed.*

*Wm. Wilson, J. P. Hobson, for appellant.*

*P. W. Hardin, for appellee.*